# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ERIC TODD MCCOY, | : | |
| :--- | :--- | :--- |
| Plaintiff | : | |
| | : | No. 1:18-cv-01716 |
| v. | : | |
| | : | (Judge Kane) |
| R.A. PERDUE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Eric Todd McCoy ("Plaintiff"), an individual presently confined at the Federal Correctional Institution, Security Satellite Camp, in Schuylkill, Pennsylvania ("FCC-Schuylkill"), filed the instant pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) on August 29, 2018. (Doc. No. 1.) Plaintiff also filed a motion to proceed in forma pauperis (Doc. No. 2), and motion to appoint counsel (Doc. No. 4). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion to proceed in forma pauperis, dismiss Plaintiff's motion to appoint counsel without prejudice, and dismiss the complaint in part with leave to amend.

## I.    BACKGROUND

Plaintiff alleges that on March 14, 2018, while in FCC-Schuylkill's medical exam room, he was assaulted by Defendant Physician Assistant J. Rush ("Physician Assistant Rush"), who allegedly squeezed Plaintiff's penis, testicles, and hernia aggressively. (Doc. No. 1 at 4, 5.) Plaintiff claims that he was in a wheelchair for around ninety (90) days after this incident, experiencing severe pain in his private area, as his hernia is located close to his penis. (Id. at 5.)

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Plaintiff maintains that he was given medication for pain and muscle spasms, as well as a pamphlet for stretching exercises, but also states that he did not see Dr. Mace Leibson ("Dr. Leibson") until months later. (Id.)

As relief, Plaintiff requests that Dr. Leibson and Physician Assistant Rush be subject to professional disciplinary action and request $100,000 for mail tampering, $400,000 for pain, suffering, and mental anguish, and four million dollars in punitive damages. (Id.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3

(M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the

complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Bivens Claims

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

### A. Plaintiff's Complaint

Plaintiff's complaint claims to set forth a due process violation pursuant to the Fifth and Fourteenth Amendments, a claim of cruel and unusual punishment pursuant to the Eighth Amendment, and a mail tampering claim, purportedly in violation of Plaintiff's First Amendment rights. (Doc. No. 1 at 4.) In reviewing the allegations of the complaint, the Court discerns no facts that could plausibly give rise to a due process violation.[2] Rather, liberally construing

---

[2] Moreover, because Plaintiff is a federal inmate complaining of what appears to be a violation of his constitutional rights by federal officials, any due process claim would be properly asserted under the Fifth Amendment, rather than the Fourteenth Amendment. See Cadmus v. U.S., No. 4:08-cv-1273, 2009 WL 1532059, at *4 (M.D. Pa. June 1, 2009) (finding that because Plaintiff was suing federal officials in Bivens action, Fourteenth Amendment was not applicable to his claims, and that, rather, Fifth Amendment applied).

Plaintiff's complaint, the Court concludes that the only discernable claim is Plaintiff's Eighth Amendment claim against Physician Assistant Rush. (Id. at 5.)

Indeed, while Plaintiff alleges "mail tampering," his complaint fails to set forth any factual averments as to any personal involvement on the part of any proper Defendant or when or how his mail was tampered with. Without at least a modicum of factual specificity as to these points, the Court must conclude that Plaintiff has failed to state a claim of interference with legal mail under the First Amendment. See Taylor v. Oney, 196 F. App'x 126, 128 (3d Cir. 2006) (providing that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner" and the inmate must allege the "personal involvement on the part of the Defendants in the alleged pattern and practice of opening his mail"). Additionally, while Plaintiff names as Defendants Warden Perdue, Doctor Leibson, Health Service Administrator Simonson, and Physician Assistant Rush, Plaintiff's complaint does not set forth any allegations against the remaining Defendants other than Physician Assistant Rush, nor does it identify how the Defendants engaged in any wrongdoing that violated Plaintiff's constitutional rights. (Doc. No. 1.) Such pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

The only plausible claim Plaintiff appears to set forth in his complaint is an Eighth Amendment claim against Physician Assistant Rush for cruel and unusual punishment. (Doc. No. 5.) To constitute an Eighth Amendment claim, the incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." Chavis v. U.S., 597 F. App'x 38, 41 (3d Cir. 2014) (quoting Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir.

1997)).  Punishment is cruel and unusual under the Eighth Amendment when it inflicts unnecessary and wanton pain, and it includes punishment lacking any penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  A prison official must know of and disregard an excessive risk to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, Plaintiff alleges that Physician Assistant Rush aggressively squeezed his penis, testicles, and hernia resulting in Plaintiff's confinement to a wheelchair and experiencing pain in his private area for approximately ninety-days after the alleged incident.  (Doc. No. 1 at 5.) Liberally construing Plaintiff's complaint, the Court finds that this claim survives screening.

Consequently, Plaintiffs Eighth Amendment claim against Physician Assistant Rush will be permitted to proceed, and Plaintiff's due process claims and First Amendment mail tampering claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Additionally, Defendants Warden Perdue, Doctor Leibson, and Health Service Administrator Simonson will be dismissed from this action without prejudice for Plaintiff's failure to allege any claim against them. [3]

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182

---

[3] Even the most liberal construction of Plaintiff's complaint by this Court does not permit the inference that Plaintiff may be attempting to set forth a claim of deliberate indifference to a serious medical need against Doctor Leibson in violation of the Eighth Amendment.  However, to the extent Plaintiff is attempting to set forth the same, he will be permitted leave to amend his complaint to set forth such a claim in a manner that satisfies the applicable pleading standard.

(1962).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  Id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Plaintiff will be permitted leave to amend his complaint.  To the extent Plaintiff intends to file an amended complaint naming Warden Perdue or Health Service Administrator Simonson, Plaintiff is cautioned that civil rights claims cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence"; however, "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity."  Rode, 845 F.2d at 1207.

Additionally, should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal

7

involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supersede the original complaint. See Knight v. Wapinsky, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint that are omitted from the amended complaint will be deemed waived. Id. (citations omitted).

### C. Motion to Appoint Counsel

Along with his complaint, Plaintiff requests the appointment of counsel. (Doc. No. 4.) Plaintiff's motion provides no support that indicates his need for counsel. (Id.) Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts do have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." Id. However, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155).

At this time, none of the Tabron factors warrant the appointment of counsel. Specifically, Plaintiff has the apparent ability to litigate this action pro se, as he has thus far managed to file a legible complaint, a motion to appoint counsel, and a motion for leave to proceed in forma pauperis and the legal issues are not complex. Moreover, Plaintiff does not suggest in his complaint or motion to appoint counsel "that he presently suffers from any impediment unusual to other pro se litigants that appear before this Court." Segura v. Wetzel, Civ. No. 17-0931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017). Therefore, at this time, the Court declines to appoint counsel for Plaintiff. However, in the event that future proceedings demonstrate the need for counsel, the Court may reconsider this matter either sua sponte or upon a motion properly filed by Plaintiff.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), will be granted and Plaintiff's complaint (Doc. No. 1), will be dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Defendants Warden Perdue, Doctor Leibson, and Health Service Administrator Simonson will be dismissed without prejudice. The Court will defer service of the complaint to permit Plaintiff to file an amended complaint within thirty (30) days of the date of the Order filed concurrently with this Memorandum. An appropriate Order follows.